IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **VICENTA PRATT, <u>ET AL.</u>**<br><br>       **Plaintiffs,**<br><br>               **v.**<br><br>**PREMIER SALONS, INC., <u>ET AL.</u>**<br><br>       **Defendants.** | **CIVIL NO. 13-1924 (PAD)** |

**OPINION AND ORDER**

Before the Court is the Motion for Partial Dismissal of the Second Amended Complaint, Docket No. 30, filed by co-defendants Pure Beauty International, Inc. and Pure Beauty Salons & Boutiques, Inc., which plaintiffs opposed at Docket No. 39. For the reasons stated below, defendants' request is DENIED.

**I.   BACKGROUND**

Plaintiffs Zoraida Cappacetti-Rivera, Lydia Fernández-Peña, Andreina Pacheco-Galán, Vicenta Pratt, Maria Reyes-Sánchez, Waleska Rivera-Carrasquillo and Iris Rodriguez-Ramos, initiated this action against Premier Salons, Inc.; Pure Beauty International, Inc., and Pure Beauty Salons & Boutiques, Inc., alleging (1) age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* and the Puerto Rico Anti-Discrimination statute, Law No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29 §§ 146-151; (2) retaliation under the ADEA; and (3) unjustified dismissal under the Puerto Rico Unjust Discharge Act, Law No. 80 of May 30, 1976, P.R. Laws Ann. tit. 29 § 185a-m. They invoked federal question jurisdiction under the ADEA pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4), and supplementary jurisdiction over state claims under 28 U.S.C. § 1367(a).

Vicenta Pratt, *et al.* v. Premier Salons, Inc., *et al.*
Civil No. 13-1924 (PAD)
Opinion and Order
Page 2

Pure Beauty International, Inc. and Pure Beauty Salons & Boutiques, Inc. (collectively "Pure Beauty"), contend dismissal of the ADEA claims is appropriate under Fed. R. Civ. P.12(b)(6) as to Pratt, Reyes-Sánchez, Rivera-Carrasquillo, Fernández-Peña and Capacetti-Rivera, because plaintiffs failed to name Pure Beauty in the charges they filed with the Equal Employment Opportunity Commission.[1] Correspondingly, they ask that the state claims be dismissed for lack of supplementary jurisdiction upon dismissal of the federal claims. Plaintiffs counter that Pure Beauty's arguments are patently meritless, essentially asserting that their allegations comply with pleading requirements necessary to maintain the action.

## II. STANDARD OF REVIEW

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint need only include sufficient facts to make it plausible on its face. Rodriguez-Vives v. Puerto Rico Firefighters Corps. of Puerto Rico, 743 F.3d 278, 283 (1st Cir. 2014); Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir. 2013).

Plausibility exists when the pleaded facts allow the court to reasonably infer that the defendant is liable for the misconduct alleged. Morales-Cruz v. University of Puerto Rico, 676 F.3d 220, 224 (1st Cir.2012); Sepulveda-Villarini v. Deptartment of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010). It does not, however, require a plaintiff to allege every fact necessary to win at trial or to successfully resist summary judgment. Rodríguez-Reyes, 711 F.3d at 53-54; Rodríguez-Vives, 743 F.3d at 286.

The complaint must be viewed as a whole, construing well-pleaded facts in the light most favorable to plaintiff, accepting their truth, and drawing all reasonable inferences in plaintiff'

---

[1] Capacetti-Rivera's claims were dismissed without prejudice after she informed she will submit her claims to arbitration (Docket No. 42 and 41, respectively).

favor. Foley v. Wells Fargo, 772 F.3d 63, 68 (1st Cir. 2014); García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). Dismissal is not warranted if, so measured, the allegations plausibly narrate a claim for relief. Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 717 (1st Cir. 2014).

### III. DISCUSSION

In general, an ADEA action may only be brought against the party identified as the respondent in an EEOC charge. 29 C.F.R. § 1626.6. An exception has been recognized when there is "substantial identity" between that respondent and the defendant in the civil action. Mc Kinnon v. Kwong Wah Restaurant, 83 F.3d 498, 505 (1st Cir. 1996).

Substantial identity may exist between such respondent and a successor entity. II Barbara T. Lindemann, Paul Grossman & Geoffrey Weirich, Employment Discrimination Law, 5th Ed., BNA/American Bar Association, Arlington, VA, p. 29-20. Such identity turns on continuity of interest. Id. at p. 29-21. The continuity inquiry focuses on elements such as continuity in operations in the same plant or location; the same or substantially the same workforce; the same jobs under substantially the same working conditions; and the same product, equipment, and methods of production. Id.

With this backdrop, plaintiffs allege (1) to have been informed that Premier was closing operations and Pure Beauty had bought Premier's locations, but (2) that the sale is a sham (Docket No. 27 at ¶¶ 110 and 111). They assert Pure Beauty continued with Premier Salons' salons and operations, hiring or retaining most of that entity's youngest employees. Id. at ¶ 119. Moreover, the charges filed with the EEOC expressly refer to Pure Beauty as the entity that purchased the salons, and mention "Sears Plaza Las Americas" as the respondent's address, "Sears Plaza Las

Americas" being one of the locations that Pure Beauty allegedly purchased and is operating (Docket No. 30, Exhs. 1 and 2).[2]

Considering the liberal pleading standard used to test plausibility, the link between the predecessor and the successor in the context of the allegations raised under the ADEA in this case is sufficient to reasonably infer "substantial identity" between the respondent in the EEOC charges (Premier Salon) and Pure Beauty for purposes of Fed. R. Civ. P. 12(b)(6). In these circumstances, Pure Beauty's request to dismiss the ADEA claims must be denied. Because defendants' request to dismiss the state-law claims is based on the assumption that the Court will dismiss the federal claims, their request must be denied.

### IV. CONCLUSION

In light of the standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6), defendants' motion at Docket No. 30 is DENIED.

**SO ORDERED**.

In San Juan, Puerto Rico, this 22nd day of December, 2014.

                               s/Pedro A. Delgado-Hernández
                               PEDRO A. DELGADO-HERNÁNDEZ
                               United States District Judge

---

[2] In support of their motion to dismiss, defendants attached copy of charges plaintiffs filed with the EEOC. Ordinarily, courts may not consider under Fed. R. Civ. P. 12(b)(6) documents outside of the complaint or not expressly incorporated therein without converting the motion into one for summary judgment. Foley v. Wells Fargo Bank, N.A., 722 F.3d 63, 74; Carrero-Ojeda, 755 F.3d at 717. There is a narrow exception for documents, the authentication of which is not challenged, that are central to plaintiff's claim and sufficiently referred to in the complaint even if these documents are not physically attached to the pleadings. Carrero-Ojeda, 755 F.3d at 717. Such is the case here, as plaintiffs alleged to have filed administrative charges against the defendants with the EEOC – see, Docket No. 27 at ¶¶ 33, 35, 37, 40, 43, 46, and 49 – and the authenticity of the charges submitted in support of dismissal is uncontested. Consequently, the Court has examined the EEOC charges in evaluating whether dismissal is appropriate at this stage.